UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

WILLIAM G. HICKS,

        Plaintiff,                      Case No. 1:09-cv-942

v.                                               Honorable Paul L. Maloney

UNKNOWN NOVAK et al.,

        Defendants.
                                     /

**OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Novak, Stoddard, McKee and Jackson. The Court will serve the complaint against Defendant Welton.

**Discussion**

I.   Factual allegations

Plaintiff William G. Hicks presently is incarcerated at the Mound Correctional Facility, though the actions he complains of occurred while he was housed at the Bellamy Creek Correctional Facility (IBC). Plaintiff sues the following IBC employees: Warden Ken McKee, Deputy Warden C. Stoddard, Hearing Investigator (unknown) Novak, Inspector D. Welton, and Hearing Officer (unknown) Jackson.

Plaintiff alleges that, on May 24, 2007, Defendant Inspector Welton filed a misconduct charge against Plaintiff. The ticket charged that Plaintiff had committed three major misconduct violations against another prisoner, (unknown) Shea: (1) sexual assault, (2) assault resulting in serious physical injury, and (3) unauthorized use of a cell or room. According to Welton's statement on the misconduct ticket, on May 24, 2007 at 9:57 a.m., prisoner Shea reported to housing unit staff, advising them that he needed medical attention for two injuries. The first was a five-inch slash on the left side of Shea's face, running from his cheek to under his chin. The second was a deep gash on Shea's left forearm. Defendant Welton interviewed prisoner Shea. Shea told Welton that, while he was alone in his cell, Plaintiff opened the cell door and entered uninvited. According to Shea, Plaintiff became aggressive, demanding sex and grabbing Shea in the groin. Shea resisted Plaintiff's advances and repeatedly told Plaintiff to leave the cell. Plaintiff then allegedly pushed Shea against the cell wall and slashed him across his face. Shea's arm was injured as he tried to protect his face. Shea stated that, when Plaintiff noticed that Shea had been injured badly, he allowed Shea to attempt to clean himself and the cell. According to Welton's report, both prisoners eventually realized that Shea was not going to be able to stop the bleeding. Plaintiff then

allowed Shea to leave the cell to seek medical assistance, after first cautioning Shea not to tell staff how he had been injured. Welton's ticket reported that his review of the institutional surveillance equipment supported Shea's statement by showing Hicks entering Shea's cell at 9:30 a.m. and both prisoners exiting the cell at 9:56 a.m.

Plaintiff disputed the misconduct ticket and requested a hearing. Hearing Investigator Novak investigated the charges and collected statements. On June 6, 2007, Defendant Jackson presided over a hearing on the misconduct charges. According to the hearing report, Plaintiff denied the allegations, stating that Shea had inflicted the injuries himself in an attempt to be sent to lock-up. Plaintiff claimed that he only came into contact with Shea when Shea came out of his cell with a cloth to his face. At that time, Plaintiff had just stepped out of his own cell. According to Plaintiff, before that moment, he had been "going back and forth to other prisoners['] cells with stuff and was never in the cell next door." (6/6/07 Hearing Report, Ex. A to Compl., docket #1-2 at 3.) At the hearing, Defendant Jackson reviewed the following evidence: the statements of Plaintiff, Welton and Shea; reported answers of prisoners Rackard, Thompson, Williams, Robinson, and Garrison in response to questions; statements of officers McQuade, Bashore and Benson; and the videotape from the camera that captured the prisoners' positions in the hall. Defendant Jackson found Plaintiff guilty of the misconduct charges. Plaintiff received a penalty of 60 days of detention and 30 days' loss of privileges. (*Id.*) The conviction also resulted in Plaintiff being labeled a sexual predator, for which he was moved to a Level V facility, where he remained in administrative segregation for a long time. (Compl., docket #1 at 3.)

Plaintiff sought reconsideration, which was denied by the hearings administrator in Lansing. Plaintiff then filed a timely petition for judicial review in the Ingham County Circuit

Court. On September 26, 2008, the court set aside the misconduct determination and ordered a rehearing. Upon rehearing on October 10, 2008, Plaintiff was found not guilty on all three charges. (Compl., docket #1 at 3.)

Plaintiff alleges that he sent kites to Defendants Deputy Warden Stoddard and Warden McKee, in which he complained that Defendant Welton had falsified his report in favor of a guilty finding. He alleges that both Stoddard and McKee had the authority to terminate the proceedings against him or terminate his sanctions or segregation. He contends that, despite the fact that they were "aware of D. Welton's past known history for tampering with evidence, falsifying, and recruiting inmates to lie one against the other . . . ," both Stoddard and McKee failed to intervene.

Plaintiff also contends that Defendant Hearing Investigator Novak was influenced by Inspector Welton and failed to properly exercise his responsibility to thoroughly review all evidence without being influenced by others. In addition, he alleges that Defendant Hearing Officer Jackson wrongly decided the misconduct charge.

For relief, Plaintiff seeks a declaratory judgment that his due process rights were violated. He also seeks compensatory and punitive damages.

II. Judicial Immunity

Plaintiff alleges that Defendant Jackson denied him due process by finding him guilty of three misconducts based on fabricated evidence. Generally, a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) ("it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of

person consequences to himself"); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11. Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Id.* at 12.

Defendant Jackson is a hearing officer whose duties are set forth at MICH. COMP. LAWS § 791.251 through § 791.255. Hearing officers are required to be attorneys and are under the direction and supervision of a special hearing division in the Michigan Department of Corrections. *See* MICH. COMP. LAWS § 791.251(e)(6). Their adjudicatory functions are set out in the statute, and their decisions must be in writing and must include findings of facts and, where appropriate, the sanction imposed. *See* MICH. COMP. LAWS § 791.252(k). There are provisions for rehearings, *see* MICH. COMP. LAWS § 791.254, as well as for judicial review in the Michigan courts. *See* MICH. COMP. LAWS § 791.255(2). Accordingly, the Sixth Circuit has held that Michigan hearing officers are professionals in the nature of administrative law judges. *See Shelly v. Johnson*, 849 F.2d 228, 230 (6th Cir. 1988). As such, they are entitled to absolute judicial immunity from inmates' § 1983 suits for actions taken in their capacities as hearing officers. *Id.*; *and see Barber v. Overton*, 496 F.3d 449, 452 (6th Cir. 2007); *Dixon v. Clem*, 492 F.3d 665, 674 (6th Cir. 2007); *cf. Pierson v. Ray*, 386 U.S. 547, 554-55 (1967) (judicial immunity applies to actions under § 1983 to recover for alleged deprivation of civil rights). Plaintiff squarely challenges Defendant Jackson's actions taken in his judicial capacity. Therefore, I recommend that the complaint against Defendant Jackson be dismissed.

III. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify

the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Defendants Stoddard and McKee

Plaintiff fails to make specific factual allegations against Defendant Stoddard and McKee, other than his claim that they failed to intervene in the misconduct hearing procedure and failed to conduct an investigation in response to his kites. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft*, 129 S. Ct. at 1948; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendants Stoddard or McKee engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

### B. Defendant Novak

Plaintiff's allegations against Defendant Novak are extremely limited. He contends that Defendant Novak failed to properly carry out his duty of investigation and allowed himself to be influenced by Defendant Welton.

Plaintiff's factual allegations suggest that Defendant Novak acted with negligence only. "[P]rocedural due process prohibits arbitrary and unfair deprivations of protected life, liberty, or property interests without procedural safeguards." *Howard v. Grinage*, 82 F.3d 1343, 1349-50 (6th Cir. 1996) (citing *Daniels v. Williams*, 474 U.S. 327 (1986)); *see also Sims v. Landrum*, 170 F. App'x 954, 956 (6th Cir. 2006); *Franklin v. Aycock*, 795 F.2d 1253, 1261-62 (6th Cir. 1986). A claim of negligence is insufficient to support a § 1983 claim. *Daniels*, 474 U.S. at 333-36. Instead, to state a procedural due process claim, a plaintiff must allege a constitutionally arbitrary deprivation. *Id.*; *Howard*, 82 F.3d at 1350 ("'[A]rbitrary in the constitutional sense' for procedural due process purposes means conduct undertaken with something more than negligence."). To state a claim based on the deprivation of procedural due process, the "conduct must be grossly negligent, deliberately indifferent, or intentional." *Howard*, 82 F.3d at 1350.

Plaintiff recites no allegations indicating that Novak committed the sort of arbitrary deprivation that would implicate due process. Plaintiff alleges only that Novak failed to meet his duty of performing a thorough investigation. Such allegations state a claim for negligence only. As a consequence, Plaintiff fails to state a procedural due process claim against Defendant Novak.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Novak, Stoddard, McKee and Jackson will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendant Welton.

An Order consistent with this Opinion will be entered.


Dated: November 9, 2009          /s/ Paul L. Maloney
                                 Paul L. Maloney
                                 Chief United States District Judge