UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| WILLIAM HICKS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:09-cv-942 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| D. WELTON, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | |
| | ) | |

This is a civil rights action brought by a former state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff asserts a due-process claim arising from prison disciplinary charges instituted by defendant, Douglas Welton, an Inspector at plaintiff's former prison. Plaintiff was found guilty of the charges following an administrative hearing, but the decision was reversed in the state circuit court and plaintiff was found not guilty on rehearing. He now asserts a due-process claim against the Inspector for allegedly instituting unfounded disciplinary charges. The claims against all other named defendants were dismissed on November 9, 2009, for failure to state a claim. (Op. & Order, docket #'s 4, 5).

Presently pending before the court is plaintiff's motion for voluntary dismissal. (docket # 18). Plaintiff's motion requests that the claims against defendant Welton be dismissed without prejudice, because plaintiff has been unable to retain an attorney. Plaintiff's motion for voluntary dismissal is governed by Rule 41 of the Federal Rules of Civil Procedure. Because defendant has filed an answer and a motion for summary judgment, plaintiff no longer has the

absolute right to a dismissal without prejudice. Under Rule 41(a)(2), the action may now be dismissed only by court order, on such terms as the court considers proper. Defendant has not filed any opposition to plaintiff's motion for voluntary dismissal, and the time for response has now expired. *See* W.D. MICH. LCIVR 7.2(c).

A request for dismissal under Rule 41(a)(2) is within the sound discretion of the district court. *See Grover ex rel. Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). "The primary purpose of the rule in interposing the requirement of court approval is to protect the non-movant from unfair treatment." *Id.* Thus, an abuse of discretion is generally found only where the defendant would suffer "'plain legal prejudice'" as a result of dismissal, as opposed to facing the mere prospect of a second lawsuit. *Id.* (quoting *Cone v. W. Va. Pulp & Paper Co.*, 330 U.S. 212, 217 (1947)). In determining whether prejudice to the nonmoving party would result, the court typically considers the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant. *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 953 (6th Cir. 2009). In the present case, defendant has not opposed plaintiff's motion for voluntary dismissal and does not contend that he would suffer any significant prejudice as a result of a voluntary dismissal. In the absence of any reason articulated by defendant, the court will not presume the existence of prejudice.

For the foregoing reasons, the court concludes that plaintiff's unobjected-to motion for a voluntary dismissal without prejudice should be granted. A judgment of dismissal will be entered.


Dated: June 16, 2010                     /s/ Paul L. Maloney
                                         Paul L. Maloney
                                         Chief United States District Judge